IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| QUELO HOGUE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-cv-01114-STA-jay |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Quelo Hogue has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the following reasons, the Petition is **DISMISSED**.

BACKGROUND

In January 2017, a federal grand jury sitting in the Western District of Tennessee returned a three-count indictment against Hogue. The indictment alleged that, "[o]n or about September 23, 2016, in the Western District of Tennessee, the defendant, Quelo Hogue[,] having been previously convicted of a crime punishable by more than one year of imprisonment, did knowingly receive and possess the following firearms in and affecting commerce, more specifically described as . . . Hi-Point, model 995, .9 mm rifle [Count 1,] . . . Hi-Point, model JH, .45 caliber pistol [Count 2,] . . . Taurus, model 85, .38 caliber revolver . . . All in violation of Title 18, U.S.C. § 922(g)(1)." (*United States v Hogue*, No. 1:17-cr-10006-STA-1, ECF No. 2 at 1.)

In July 2017, the defendant entered into a plea agreement with the Government. (*Id.*, ECF No. 19.) By that document, he agreed to plead guilty to Count 1 of the indictment and to waive his right to appeal. In exchange for the plea, the Government agreed to recommend that a 2-level enhancement under § 2K2.1(b)(1)(A) of the United States Sentencing Guidelines not be applied, that Hogue's offense level be reduced for acceptance of responsibility, and that the Court impose a sentence at the low end of the Guidelines range. Hogue entered his guilty plea before the undersigned on July 18, 2017. (*Id.*, ECF No. 18.) On January 5, 2018, the defendant was sentenced at the bottom of the Guidelines range to 77 months' imprisonment and three years of supervised release. (*Id.*, ECF No. 33 at 14, 22.) The defendant appealed but later voluntarily dismissed his appeal. (*Id.*, ECF No. 35.)

## DISCUSSION

Hogue filed the Petition on May 21, 2020. Liberally construed, the pleading presents two claims. In Claim 1, Petitioner posits that the indictment was fatally flawed for failing to include the proper *mens rea* element for the crime of being a felon in possession of a firearm, as required by the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Petitioner asserts in Claim 2 that his plea was not voluntary and knowing because he did not plead guilty to knowing he was a convicted felon, also as required by *Rehaif*.

Respondent United States of America filed a response to the Petition. (ECF No. 5.) The Government maintains that Petitioner procedurally defaulted his claims and that he has not established cause and prejudice to excuse the defaults or made a threshold showing of actual innocence to overcome them. Respondent alternatively argues that the claims fail on the merits. In support, the Government submitted copies of state court judgments showing that Petitioner was

2

convicted of nine felony offenses before he committed the federal offense to which he pleaded guilty. (ECF No. 5-1.)

I. **§ 2255 Legal Standards**

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). To establish an error of constitutional magnitude a petitioner "must demonstrate the existence of an error . . . which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993)). For a petitioner "to obtain relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *McWhorter v. United States*, 156 F.3d 1231 (6th Cir. 1998) (table) (citing *Reed v. Farley,* 512 U.S. 339, 348 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993) (per curiam)).

Proceedings under § 2255 are not a substitute for direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, "the general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" to excuse the procedural default. *Id.* A petitioner may also seek to overcome the default on the ground "that he is 'actually innocent'" of the crime of conviction. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

3

II.     *Rehaif* **Claims**

As relevant here, § 922(g) "provides that '[i]t shall be unlawful' for certain individuals to possess firearms[,] . . . including felons[.]" *Rehaif*, 139 S. Ct. at 2194 (quoting 18 U.S.C. § 922(g)). "A separate provision, § 924(a)(2), adds that anyone who '*knowingly* violates' the first provision shall be fined or imprisoned for up to 10 years." *Id.* (emphasis in original). The Supreme Court in *Rehaif* held "that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." *Id.* Therefore, "[t]o convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

The holding in *Rehaif* has implications for charging documents. As a general matter, "[a]n indictment must allege all the elements charged to 'ensure that an accused is reasonably informed of the charge against him so that he can prepare a defense.'" *United States v. Garrison*, 839 F. App'x 968, 982 (6th Cir. 2020) (citing *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)), *cert. denied*, 141 S. Ct. 2866 (June 28, 2021). Therefore, after *Rehaif*, an "indictment . . . now must include that a defendant charged under § 922(g) *knew* of his prohibited status," *id.* at 983 (emphasis in original) - so, too, a court's plea colloquy.

It is fundamental that a guilty plea is not voluntary and knowing if "the defendant [does not] understand the 'critical' or 'essential' elements of the offense to which he or she pleads guilty." *United States v. Valdez*, 362 F.3d 903, 909 (6th Cir. 2004) (citing *Bousley v. United States*, 523 U.S. 614, 618-19 (1998)). Therefore, after *Rehaif*, a defendant who pleads guilty to being a felon in possession of a firearm must be advised by the district court during the plea colloquy of the knowledge-of-status element. *See Greer v. United States*, 141 S. Ct. 2090, 2096–97 (2021)

4

("*Rehaif* error[] occurred" when "the District Court failed to advise [the defendant] during the plea colloquy that, if he went to trial, a jury would have to find that he knew he was a felon").

As the Government correctly points out, Hogue procedurally defaulted his claims by failing to raise them on direct appeal. Petitioner acknowledges that he did not raise the issues on direct appeal. He maintains, however, that his procedural defaults should be excused because at the time of his appeal he "was not aware of *Rehaif*[.]" (ECF No. 1 at 4,6,7,9.) The Court construes the assertion as an argument that it would have been futile for Hogue to raise his claims prior to the Supreme Court's decision in *Rehaif*. The argument lacks merit.

At the time of Petitioner's sentence, and during the period in which he could have taken a direct appeal, Sixth Circuit "caselaw did not require *Rehaif*'s knowledge element." *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (citing *United States v. Conley*, 802 F.App'x 919, 922 (6th Cir. 2020)). Nevertheless, the argument that knowledge of status is an element of the felon-in-possession offense was available to all defendants on direct appeal prior to *Rehaif*. In *United States v. Wooden*, 945 F.3d 498, 506 (6th Cir. 2019), *rev'd and remanded on other grounds*, 142 S.Ct. 1063 (2022), the Sixth Circuit held that the defendant forfeited a knowledge-of-status argument on direct appeal. *Wooden*, 945 F.3d at 506. The court reasoned, in part, that "it would be self-refuting for [the defendant] to argue that he could not have presented his claim until after *Rehaif* was decided" because "the defendant in *Rehaif* did just that." *Id.*; *see also United States v. Ward*, 957 F.3d 691, 694-95 (6th Cir. 2020) ("[T]he fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that Ward could have made a similar objection to the indictment's omission of a knowledge-of-status element[.]") Hogue therefore has not established cause to excuse his procedural defaults.

But even if Petitioner's claims were not procedurally defaulted, they would fail on the merits. Petitioner first argues that the indictment was fatally flawed because it failed to charge the knowledge-of-status element. However, the Sixth Circuit "recently joined several other circuits in holding that the omission [in an indictment] of the knowledge-of-status element required by *Rehaif* does not deprive the district court of jurisdiction." *Brown v. United States*, No. 20-3632, 2021 WL 2470311, at *2 (6th Cir. May 21, 2021) (citing *United States v. Hobbs*, 953 F.3d 853, 856-57 (6th Cir. 2020), *cert. denied*, 141 S.Ct. 2791 (June 21, 2021)). In addition, "the indictment put [Hogue] on sufficient notice that he could have raised an objection to the omission of the element." *Id.* (citing *Ward*, 957 F.3d at 694-95).

Petitioner's second argument—*i.e.*, that he would not have pleaded guilty and would have proceeded to trial had he known of the prosecution's burden to establish that he knew he was a felon—is implausible. For one thing, "[i]f a person is a felon, he ordinarily knows he is a felon. Felony status is simply not the kind of thing that one forgets." *Greer*, 141 S. Ct. at 2097 (internal quotation marks and citation omitted). For another, Hogue has not alleged that he did not know he was a felon at the time he possessed the firearm, nor has he represented that he could have submitted evidence to the jury that he lacked such knowledge. *Cf. id.* at 2097-98 (on direct appeal under plain error review, where defendant did not argue that he "would have presented evidence in the district court that he did not in fact know he was felon when he possessed the firearms," he failed to "show that, but for the *Rehaif* error during the plea colloquy, there is a reasonable probability that he would have gone to trial rather than plead guilty").

What is more, the records in Petitioner's underlying criminal case and in the present matter demonstrate that Hogue knew he was a felon when he possessed the firearm. The draft presentence

6

report advised that Petitioner's criminal history included nine felonies: a 2012 aggravated assault conviction, for which he was sentenced to four years in custody; a 2012 reckless endangerment conviction, for which he was sentenced to four years in custody; three additional 2012 reckless endangerment convictions, for which he was sentenced to one year in custody as to each; a 2013 conviction for possession with intent to sell or deliver a controlled substance, for which he was sentenced to two years in custody; two other 2013 convictions for the same offense, for which he was sentenced to one year in custody as to each; and a 2014 conviction for solicitation to introduce contraband into a penal facility, for which he was sentenced to one year in custody. (No. 1:17-cr-10006-STA-1, ECF No. 21 at ¶¶ 27-29, 31-33.)  Hogue did not dispute in his sentencing position paper the draft report's criminal history findings as to those felony convictions.  (*Id.*, ECF No. 23.)  The findings were therefore made part of the final presentence report.  (*Id.*, ECF No. 25 at ¶¶ 27-29, 31-33.)  In addition, the state court judgment for each of those nine offenses expressly records the "Conviction Class" as "Felony."  (ECF No. 5-1 at 1-9.)

      At bottom, Petitioner knew that he was a felon at the time he possessed the firearm—a fact the Government would have had no problem proving.  Therefore, Hogue cannot demonstrate that the Court's failure to advise him of the knowledge-of-status element at the plea hearing had a substantial and injurious effect on his guilty plea.

      In sum, Petitioner procedurally defaulted his claims and has not established cause to excuse the defaults.  The claims are therefore not properly before the Court and are **DISMISSED**.  Alternatively, the claims are without merit.

      The Petition is hereby **DISMISSED**.  Judgment shall be entered for Respondent.

**APPEAL ISSUES**

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 30, 2023.

---

[1] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.